[Civ. No. 7722.  Second Appellate District, Division Two.—March 29, 1933.]

WEST COAST BOND & MORTGAGE COMPANY (a Corporation), Respondent, v. CLINTON A. WHITMAN et al., Appellants.

Porter C. Blackburn for Appellants.

Walter J. R. Richards for Respondent.

STEPHENS, J.—In this appeal the plaintiff below is the respondent here and the defendants below are the appellants here. For convenience we shall herein generally refer to the parties as plaintiff and defendants.

Certain real property belonging to defendants was sold at public sale under the terms of a deed of trust. The deed of trust had been given to secure a loan from plaintiff in the sum of $3,500. It is claimed by defendants that the price the property sold for, to wit, $2,000, is inadequate compared with its value. The superior court in the instant case rendered a judgment upon the deficiency resulting from the sale for $2,720.71 after defendants had declined to amend their second amended answer. A demurrer to this pleading had been sustained on the ground that it did not state a cause of defense and that it was uncertain in its allegations. Demurrers were also sustained against defendants' cross-complaint and two amended cross-complaints, but this phase of the matter is not before us.

We shall proceed to consider the defense set up in the second amended answer, freely interjecting our comment thereon. The answer asserts that plaintiff intentionally prevented and obstructed defendants from obtaining a new loan with which to meet the old one by ousting defendants from the property and by persuading tenants to pay rent to plaintiff; that this action caused tenants to recognize plaintiff instead of defendants, thus preventing the exhibition of the premises to prospective purchasers.

▇ It would seem to us that the enforcement of the terms of the trust deed could not be prevented by the tenants of a building refusing to allow prospective purchasers from entering their premises. There is nothing in the pleading which would indicate that the tenants were not within their legal rights in refusing such entry. It would follow then that it would be immaterial what or who caused them to decline the privilege.

▇ The answer asserts that plaintiff would not inform defendants of the exact sum due. It was as much defendants' duty to know the sum due as it was plaintiff's.

The answer asserts that false statements reflecting upon the personal character of defendants were spread by plaintiff and that some or all of these things caused bidders to stay away from the sale and caused the successful bid to be unreasonably low and inadequate. It will be seen that these allegations are extremely inadequate as to definiteness. They are but sketchy references to bickerings and bad feelings between debtor and creditor. Just how any or all of the acts alleged could have prevented or persuaded anyone from bidding at the sale is left unexplained. No detail of the sale itself is attacked and the due debt is admitted. Upon the question of inadequacy it is sufficient to say that the market value of the property is nowhere alleged and we are therefore not furnished with any basis for comparison.

The second amended answer which defendants declined to amend was fatally uncertain in its allegations and it stated no cause of defense.

The judgment is affirmed.

Craig, Acting P. J., and Archbald, J., *pro tem.*, concurred.